A. J. CURRLIN v. THE STATE.

No. 11667.   Delivered May 23, 1928.

The opinion states the case.

*Elmo Johnson* of Galveston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for misdemeanor swindling, punishment one day in jail and a fine of $50.

This is a very peculiar case. Appellant was a tenant of Mrs. Walker. He had rented from her for three months prior to the date of this alleged offense, and paid $30 per month rent in advance. Under this contract his rent for the month of November was payable on October 12, 1927. On that day he gave her a check on a bank for $30. After the check was given he and Mrs. Walker had some words about some improvements which he claims she promised to make, and he demanded the return of his check, which she

declined. According to the undisputed testimony he left her and went and procured another apartment, into which he and his wife moved on that day. That same afternoon he came back to Mrs. Walker and again demanded his check, and tendered her a check for one dollar, which he said was for the extra day of his occupance. She refused to return his $30 check or to accept his check for one dollar. The next morning at 9 o'clock he appeared at the bank on which his check was drawn and gave said bank written notice not to pay the said check for $30 if presented. At the same time he deposited in the bank money more than sufficient to pay said check. Later in the day of the 13th of October said $30 check was presented to said bank and payment was by them refused for the reason that they had been notified by appellant not to pay the check. Notation of the reason for the refusal of payment was stamped on the back of the check by the bank and same was returned to Mrs. Walker, who then proceeded to file complaint, and this prosecution resulted.

We are of opinion that no violation of the law is shown either by the facts or the complaint. Appellant took nothing from Mrs. Walker in exchange for his check. He deprived her of neither money nor property, nor anything of value such as is referred to in Arts. 1545 and 1546 of our Penal Code defining the offense of swindling. If he owed her anything for the rent of her property before he gave her the check, he still owed it afterwards. Allen v. State, 58 Tex. Crim. Rep. 494; State v. Pishner, 78 S. E. 752; Ex parte Wheeler, 124 Pac. 764. In the face of the facts as they appear in this record it is remarkable that a prosecution should have been instituted against this appellant. Our statute on swindling, which brings within the comprehension of that offense the obtaining of any money or other thing of value with intent to defraud by the giving or drawing of a check upon any bank in which such person has not, at the time when in the ordinary course of business such check will be presented to the bank for payment, sufficient funds to pay same, and no good reason to believe that such check would be paid, appears to have been in no way violated in this case. When the check was presented to the bank for payment there were funds in the bank sufficient to have paid same. The bank officers stamped on the back of the check their reasons for not paying same, viz.: that the payment was stopped. These facts would appear easily ascertainable. Appellant is shown by a number of witnesses to be possessed of a good reputation, and the banker testified that if appel-

lant had not had sufficient funds in the bank at the time of the receipt of the check, he would have paid it on his faith in appellant's responsibility and character.

There was no motion to quash the complaint, and we are not called on to discuss the sufficiency of same, but are in grave doubt as to whether an allegation that one receives "rent" in exchange for a check, is thereby shown to obtain from the drawee of the check anything of value or money or property such as is referred to by the articles above mentioned.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*